UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WENDALL HALL,

    Plaintiff,

v.                                Case No.:   2:23-cv-105-SPC-KCD

MELINDA MASTERS, JON
CARNER, HOUSTON and
COURTNEY JONES,

    Defendants.
_____/

## **OPINION AND ORDER**

Before the Court is Defendants' Motion to Vacate Clerk's Default (Doc. 37).

Plaintiff Wendall Hall is an involuntarily committed resident of the Florida Civil Commitment Center (FCCC). He sued several FCCC employees on February 16, 2023. United States Magistrate Judge Kyle Dudek granted Hall leave to proceed *in forma pauperis* and ordered a special appointee to serve Defendants with process. The special appointee served Defendants on April 13, 2023. Defendants did not timely answer the complaint, and the Clerk entered default against them on August 28, 2023. Hall moved for default judgment and the Court set a damages hearing. The Court ordered the special appointee to deliver the hearing notice to Defendants. Attorney Greg

Kummerlen then entered an appearance on Defendants' behalf and moved to vacate the default.

An affidavit attached to Defendants' motion to vacate explains why they did not timely answer the complaint. Saundra Robinson, a claims adjuster for Wellpath, inadvertently marked the file for this case as the appeal of one of Hall's other pending lawsuits. As a result, Robinson did not open a new file and send it to legal counsel.

The parties dispute what happened thereafter. Hall included certificates of service and Local Rule 3.01(g) certificates on some of his filings in this case. He also claims he told Carner about the case, sent several filings to Kummerlen, and called Kummerlen's office twice to confer. Defendants counter Hall's claims with affidavits and phone records suggesting that Hall did not mail the papers or make the phone calls, so they were unaware of this case until they received notice of the hearing.

To counter Defendants' evidence, Hall offers his testimony, an affidavit from friend Jamal Ali Bilal, and a copy of an envelope he mailed to Kummerlen. The date the envelope was mailed—May 1, 2023—does not match up with any filings in this case, so it is probably from a different case. To explain why phone records show Hall made no calls to Kummerlen on the date in question, Hall and Bilal claim Bilal called Hall at the FCCC, then made three-way calls to

Kummerlen's office. Such a call would apparently not appear in the phone records Defendants submitted.

A district court may set aside entry of default for good cause. Fed. R. Civ. P. 55(c). "'Good cause' is a mutable standard, varying from situation to situation, but generally, courts consider the following: (1) whether the default was culpable or willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether the defaulting party has a meritorious defense." *Watkins v. Cent. Broward Reg'l Park*, 799 F. App'x 659, 663 (11th Cir. 2020). Courts in the Eleventh Circuit view defaults with disfavor, and "there is a strong policy of determining cases on their merits[.]" *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003).

The Court finds good cause to set aside the entry of default here. The initial cause for Defendants' default was a simple clerical error. While Hall claims he made continuous efforts to notify Defendants and Kummerlen of the default, there is evidence suggesting those claims are false. And when the Court gave Defendants notice of the damages hearing, they promptly appeared to contest the default. As for Hall's alleged verbal notice, he is a frequent litigator and always has multiple cases pending. Any defendant to whom Hall mentioned pending litigation can be forgiven for not raising the alarm.

The Court finds no culpability or willfulness in Defendants' default, and vacating it will not prejudice Hall or otherwise adversely affect the

3

administration of justice. So while Defendants have not shown they have a meritorious defense—their general denials are not enough to swing that consideration in their favor—the Court will follow the Eleventh Circuit's policy of deciding cases on their merits.

Accordingly, it is now

**ORDERED:**

Defendants' Motion to Vacate Clerk's Default (Doc. 37) is **GRANTED**. The Entry of Default (Doc. 24) is **SET ASIDE**. Defendants must respond to the Complaint within **14 days** of this Order.

**DONE** and **ORDERED** in Fort Myers, Florida on February 16, 2024.

*SHERI POLSTER CHAPPELL*
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record